**Sire ANNE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–3927.

United States Court of Appeals, Sixth Circuit.

June 17, 2004.

Mark M. Nesbit, Nesbit Law Firm, Columbus, OH, for Petitioner.

Francesco Isgro, Papu Sandhu, Allen W. Hausman, U.S. Department of Justice, Washington, DC, for Respondent.

Before: DAUGHTREY and SUTTON, Circuit Judges; and COOK, District Judge.*

### ORDER

Sire Anne, purportedly a native and citizen of Mauritania, petitions for review of the decision of the Board of Immigration Appeals which affirmed an immigration judge's denial of Anne's application for asylum, withholding of deportation, and relief under the Convention Against Torture. The parties are represented by counsel and have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Anne entered the United States in April 1996 using someone else's passport. Anne first applied for asylum in June 1996. The

---

* The Honorable Julian A. Cook, Jr., United States District Judge for the Eastern District of Michigan, sitting by designation.

Immigration and Naturalization Service denied his application and began deportation proceedings in December 1996. Anne conceded deportability and filed a supplemental application for asylum and withholding of deportation in October 2000. An immigration judge (IJ) held a hearing in January 2002. Anne testified that he was a Fulani-speaking black Mauritanian who was forcibly deported to Senegal by the government. He said that in July 1989, authorities imprisoned him for three weeks, beat him, and killed his two brothers. Anne indicated that he was afraid that he would suffer the same fate as his brothers if he returned to Mauritania. The IJ found that Anne had not established his identity, that conditions in Mauritania had changed so Anne could return safely, and that there was sufficient evidence to conclude that Anne had resettled in Senegal. The Board of Immigration Appeals (BIA) affirmed the IJ's decision without opinion in June 2003, and Anne filed a timely petition for review.

In his petition for review, Anne argues: (1) the BIA abused its discretion in affirming without opinion Anne's appeal pursuant to 8 C.F.R. § 1003.1(e)(4); (2) the IJ's determination that Anne is not credible is not supported by substantial evidence; (3) the IJ's determination that the country conditions in Mauritania have changed so that it is now safe for Anne to return to the country was not supported by substantial evidence; and (4) the IJ's determination that Anne had firmly resettled in Senegal is not supported by substantial evidence.

Initially, we note that Anne does not argue that the IJ erred by denying his claims for withholding of removal. Accordingly, we address only his asylum claim.

The transitional rules for judicial review under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 apply to this petition because the administrative proceeding was commenced before April 1, 1997, and the BIA's order was issued after October 31, 1996. *See Kalaw v. INS,* 133 F.3d 1147, 1149–50 (9th Cir. 1997). Under these rules, factual findings are reviewed under the substantial evidence standard. *Damon v. Ashcroft,* 360 F.3d 1084, 1088 (9th Cir.2004).

■ Upon review, we conclude that Anne's petition for review must be denied. First, the IJ's finding that Anne was not credible is supported by substantial evidence. The IJ found that Anne had not established his identity as a Mauritanian because of irregularities concerning Anne's birth certificate. Anne did not have any documentation when he was interviewed by an immigration officer in 1996, and submitted the birth certificate three weeks before his hearing in 2002. The birth certificate, which was not authenticated, gives Anne's date of birth as January 1, 1960, and indicates that it was prepared in 1973 for Anne's father. However, Anne testified that his father died when Anne was about two years old. Moreover, the IJ noted that Anne entered the United States fraudulently. Finally, Anne did not mention his brothers' deaths in his original asylum application. These discrepancies are material and involve the heart of Anne's asylum claim. *See de Leon–Barrios v. INS,* 116 F.3d 391, 394 (9th Cir.1997).

■ Second, the IJ's conclusion that Anne's evidence, even if true, did not support a claim for asylum is also supported by substantial evidence. The IJ found that, based upon the State Department reports and other documents, conditions in Mauritania had changed and it would now be safe for Anne to return. Those reports indicated that although the government expelled thousands of black Mauritanians

from 1989 to 1991, opposition parties participated in elections in 1994 and 1996 and most of the refugees had returned to Mauritania. The United Nations High Commissioner for Refugees opined that those who chose not to return were doing so for economic reasons. The government thus rebutted any presumption that Anne had a well-founded fear of persecution if he returned to Mauritania. *See Ouda v. INS*, 324 F.3d 445, 452 (6th Cir.2003).

Anne's arguments on appeal are without merit. In addition to disagreeing with the IJ's conclusions, he maintains that the BIA should not have used the summary affirmance procedure because the IJ made harmful and material errors. When the BIA affirms the IJ's decision without opinion, this court reviews the IJ's decision as the final agency order. *Denko v. INS*, 351 F.3d 717, 730 (6th Cir.2003). That review reveals that the IJ's findings were supported by substantial evidence. Accordingly, Anne's challenge to the BIA's summary affirmance does not entitle him to any relief.

Because the IJ's other conclusions were supported by substantial evidence, we need not review the IJ's alternative conclusion that Anne resettled in Senegal. For the foregoing reasons, we deny Anne's petition for review.